UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-191-TAV-JEM |
| | ) | |
| CEDRID BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion for Counsel to be Relieved and to Proceed *Pro Se* with Appointment of Alternate Counsel to Serve as Elbow Counsel [Doc. 63] filed by Attorney Christopher Rodgers on behalf of Defendant on June 17, 2022, and Defendant's *Pro Se* Motion to Compel Discovery [Doc. 65], filed on June 23, 2022. The parties appeared before the Court for a video motion hearing on July 13, 2022. Assistant United States Attorney Alan S. Kirk represented the Government. Attorney Rodgers appeared on behalf of Defendant, who was also present by video. CJA Panel Attorney Loretta Cravens was present as well.

In the motion regarding Defendant's representation [Doc. 63], Defendant requests the Court relieve Attorney Rodgers as his counsel of record and permit him to proceed *pro se* with appointment of alternate counsel to serve as elbow counsel for the remainder of this case. At the hearing, the Government stated it takes no position on Defendant's motion.

The Court then conducted a sealed, *ex parte* portion of the hearing to learn the nature and extent of the problems with the attorney-client relationship and Defendant's request to proceed *pro se*. Attorney Rodgers and Defendant explained in greater detail the basis for the motion [Doc. 63], and the Court questioned Defendant regarding his request to proceed *pro se* and for appointment of

new counsel as elbow counsel and his communications with his attorney. The Court briefly unsealed the hearing to permit the Government to review the nature and extent of the charges against Defendant in this case. The Court then resumed the sealed, *ex parte* portion of the hearing to further inquire about Defendant's request to proceed *pro se*.

Based upon the representations in the motion [Doc. 63] and made by Attorney Rodgers and Defendant during the sealed portions of the hearing, the Court finds that there is a loss of trust in the attorney-client relationship and a breakdown in communication that has compromised current defense counsel's ability to render effective assistance of counsel, and that there is good cause to substitute new counsel for Defendant. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

The Motion for Counsel to be Relieved and to Proceed *Pro Se* with Appointment of Alternate Counsel to Serve as Elbow Counsel [**Doc. 63**] is **GRANTED in PART and DENIED in PART**, such that Attorney Rodgers is **RELIEVED** as counsel of record for Defendant. During the hearing, Attorney Cravens agreed to accept representation of Defendant. The Court therefore and hereby **SUBSTITUTES and APPOINTS** Attorney Loretta Cravens under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant. Attorney Rodgers is **DIRECTED** to turn over all discovery and Defendant's file to Attorney Cravens as soon as possible. Attorney Cravens is encouraged to review Defendant's file and meet with Defendant regarding his case as soon as practicable.

The Court then addressed Defendant's *Pro Se* Motion to Compel Discovery [Doc. 65], which he states is premised under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. In his motion, Defendant requests for the Court to order the Government to provide supplemental discovery for

2

several items he alleges have not yet been turned over to him. The Court asked the Government if it had a position on the motion, and it stated that all of the additional discovery requested by Defendant, including a "radar output report" and a "tow-in report," had already been disclosed to him or did not exist. The Government also represented that it was looking into whether the tow company has any records that can be provided to Defendant. Based on the Government's representations and the Court's review of this issue, Defendant's *Pro Se* Motion to Compel Discovery [**Doc. 65**] is **DENIED**. The Court instructed Attorney Cravens that, after she receives Defendant's file and has had the opportunity to review it, she should discuss the motion to compel discovery with Defendant and determine whether it should be refiled for the Court's consideration.

Accordingly, it is **ORDERED**:

>(1) The Motion for Counsel to be Relieved and to Proceed *Pro Se* with Appointment of Alternate Counsel to Serve as Elbow Counsel [**Doc. 63**] is **GRANTED in PART and DENIED in PART**, and the *Pro Se* Motion to Compel Discovery [**Doc. 65**] is **DENIED**;

>(2) Attorney Rodgers is **RELIEVED** of further representation of Defendant, and he is **DIRECTED** to provide new defense counsel with the discovery and information from Defendant's file as soon as possible; and

>(3) Attorney Loretta Cravens is **SUBSTITUTED and APPOINTED** as counsel of record for Defendant pursuant to the CJA.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge